**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CLIFFORD ANTONIO ROWLING,<br><br>Plaintiff,<br><br>-vs-<br><br>ROB JEFFREYS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 21-1047-NJR |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COME the Defendants, SARAH BROWN-FOILES, ROB JEFFREYS, LATOYA HUGHES, in her official capacity as the Acting Director of the Illinois Department of Corrections, and HEATHER DeLASHMUTT, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for their Response to Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production of Document and Memorandum in Support (Doc. 85), state as follows:

1. On August 24, 2021, Plaintiff filed the instant suit through counsel alleging that Defendants have failed to provide him with adequate mental health treatment at a level commensurate with his abilities. (Doc. 1).

2. On November 13, 2023, Plaintiff filed a Motion to Compel Responses to Interrogatories and Requests for Production of Document and Memorandum in Support ("Motion to Compel"). (Doc. 85).

3. Preliminarily, Plaintiff's Motion to Compel is untimely and his delay in filing such has caused an unnecessary delay in the discovery in this case. As Plaintiff's Motion to Compel explains, Defendants first responded to Plaintiff's discovery requests in November and December

2022. Defendants then agreed to respond to additional discovery above and beyond the limit imposed by the Court's Scheduling and Discovery Order. (Doc. 69). After the parties discussed the responses, Defendants provided supplemental responses to Plaintiff's second sets of discovery on June 14, 2023.

4. However, even though the parties agreed they were at an impasse regarding the issues raised in Plaintiff's Motion to Compel, even prior to the June 14, 2023 supplemental responses, Plaintiff waited five (5) months to file their Motion to Compel, necessitating a third extension of the discovery and dispositive motion deadline in the process.

5. In the absence of hard and fast rules governing the timeliness of a motion to compel filed before the close of discovery, some courts in this District have looked to three factors when "assessing delay of a moving party": (i) how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *Feit Elec. Co. v. CFL Techs. LLC*, 2023 U.S. Dist. LEXIS 83685, *21 (citing *West v. Miller*, No. 05C4977, 2006 U.S. Dist. LEXIS 56243, 2006 WL 2349988, at *5 (N.D. Ill. Aug. 11, 2006)).

6. Here, Plaintiff's Motion to Compel has delayed this case five (5) months, wherein nothing was done on the case, including the deposition of Plaintiff, which was requested but Plaintiff's counsel asked to postpone until after the Motion to Compel was filed, and there has been no explanation for the delay in the filing of such motion.

7. Defendants believe that these factors weigh in favor of denying the Motion to Compel as untimely. As such, the Court should exercise its discretion and deny Plaintiff's Motion to Compel.

8. Plaintiff's Motion to Compel further refers to a variety of responses to discovery requests to which Plaintiff takes issue. (Doc. 85). Defendants will address each issue in turn.

**Interrogatory #16**

9. Defendants maintain their objection to providing the number of participants in the SDP Program since 2003 who have been diagnosed with learning disabilities.

10. Although Defendants objected to providing any information related to a 20-year timeframe as overly broad in time, they did produce the number of participants in total during that timeframe, which was 220 participants.

11. However, producing the number of participants within that timeframe who were diagnosed with learning disabilities would require the review the entire medical record of each participant's file to determine if they had ever been diagnosed with a learning disability.

12. As Defendants further object to the production of the confidential medical files of any other SDP Program participants, as explained further below, it is unclear how the amount of resources necessary to review the files of every participant in the SDP Program in a 20-year period would be proportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1).

**Interrogatory #17 and Requests for Production #16 and #17**

13. Defendants maintain their objections to these requests as they would require production of mental health information and documentation related to other participants in the SDP Program.

14. The private health information of other participants in the SDP Program who are not party to this litigation is confidential and protected by law.

15. The undersigned will be filing a motion for a Protective Order pursuant to Fed. R. Civ. P 26(b) herewith, which is adopted and incorporated by reference.

**Interrogatory #19**

16. Defendants maintain their objections to this request as overbroad in time and scope, vague, irrelevant and not proportional to the needs of the case. Additionally, the Rushville Treatment and Detention Center is run by the Illinois Department of Human Services, not the IDOC.

17. Additionally, Plaintiff confuses the relationship between the SDP Program at Big Muddy Correctional Center with IDOC and the SVP Program at Rushville Treatment and Detention Center with IDHS. The difference between these is not just an assignment to a specific facility. Individuals in the SDP Program have been civilly committed to such program pursuant to 725 ILCS 205/et seq., in lieu of a criminal conviction. Individuals in the SVP Program have been committed to such program pursuant to 725 ILCS 207/et seq., after they have served time for a criminal conviction and have been determined to still be sexually violent.

18. In this case, Plaintiff was civilly committed to the SDP Program. He cannot just be transferred to the SVP Program. As such, any discovery related to the SVP Program or Rushville Detention Center is irrelevant and certainly not proportional to the needs of the case.

19. Further, because the Rushville Detention and Treatment Center is run by the IDHS, any documents related to treatment at that facility are outside of the possession, custody and control of the Defendants.

**Additional Allegations**

20. To the extent that Plaintiff makes vague allegations regarding Defendants providing broad answers to interrogatories about types of treatment, treatment within the SDP Program is provided on an individual basis and as such, giving specific answers is a difficult task.

21. Additionally, a deposition would be a more appropriate method for Plaintiff to be able to discern the exact type of treatment that is available to participants in the SDP Program with varying mental abilities.

22. To the extent Plaintiff argues that Defendants have admitted anything about the treatment provided to participants with learning disabilities because they indicated that four participants with learning disabilities have been released from the program, Plaintiff fails to mention that Defendants indicated that "at least" four participants with learning disabilities were released from the program. This information was provided based on the personal knowledge of Defendant DeLashmutt, not the review of all fifty-two files of individuals who were released from the program.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Compel (Doc. 85) and for such other relief as this Court finds just and equitable.

Respectfully submitted,

SARAH BROWN-FOILES, ROB JEFFREYS, LATOYA HUGHES, in her official capacity as the Acting Director of the Illinois Department of Corrections, and HEATHER DeLASHMUTT,

Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

BY: s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(217) 782-9014
Tara.barnett@ilag.gov
gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CLIFFORD ANTONIO ROWLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 21-1047-NJR |
| | ) | |
| ROB JEFFREYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, the foregoing document, *Defendants' Response to Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production of Document and Memorandum in Support (Doc. 85)*, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Bailey McGowan | bailey.mcgowan@stinson.com |
| B. Scott Eidson | scott.eidson@stinson.com |
| Janae M. Aune | janae.aune@stinson.com |
| James D. Bass | james.bass@stinson.com |
| Timothy D. Krieger | timothy.krieger@stinson.com |

and I hereby certify that on the same day, I mailed by United States Postal Service the document to the following non-registered participant:

NONE

Respectfully submitted,

By: s/ Tara M. Barnett

Tara M. Barnett, #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Ste. 7
Belleville, Illinois 62226
(217) 782-9014Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov
gls@ilag.gov