IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLIFFORD ANTONIO ROWLING,

      Plaintiff,

v.

ROB JEFFREYS, JESSICA STOVER,
SARAH BROWN-FOILES, ROBERT
MOONEY, and HEATHER WRIGHT,

      Defendants.

Case No. 3:21-CV-1047-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiff Clifford Antonio Rowling's Second Motion to Compel Responses to Interrogatories and Requests for Production of Documents. (Doc. 116). Rowling seeks an order compelling Defendants Rob Jeffreys, Jessica Stover, Sarah Brown-Foiles, Robert Mooney, and Heather Wright[1] to comply with this Court's previous Order (Doc. 99) granting his first motion to compel. (Doc. 85). Though this Court ordered Defendants, *inter alia*, to respond to Rowling's Requests for Production Nos. 16 and 17 (subject to this Court's Protective Order (Doc. 102)), Rowling claims they have provided responses so redacted as to be unusable. Defendants argue in response that their redactions were justified by the federal psychotherapist-patient privilege under *Jaffee v. Redmond*, 518 U.S. 1 (1996). (Doc. 119). Rowling replied, pointing out that Defendants have not produced a privilege log to substantiate their claim of privilege in

---

[1] Heather's Wright's name has apparently been changed to Heather DeLashmutt; the docket has not yet been updated to reflect the change. (Doc. 99, at 1 n.1 (citing Doc. 85-1)).

Page 1 of 5

violation of Rule of Civil Procedure 26(b)(5). (Doc. 121). For the reasons set forth below, the Court grants Rowling's motion and orders Defendants to produce a privilege log.

Defendants argue they have complied with this Court's Orders because the redactions they have made to the produced documents (some 8,700 pages) are justified under the federal psychotherapist-patient privilege.[2] (Doc. 119, at 2–4). The federal psychotherapist-patient privilege protects from disclosure "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1018–19 (N.D. Ill. 2000) (quoting *Jaffee*, 518 U.S. at 15). Though Defendants have not produced a privilege log identifying each redaction and the claim of privilege justifying it (Doc. 116, at 3; Doc. 121, at 1, 4–5), they argue that "it would be an inefficient use of judicial resources to go through each individual redaction." (Doc. 119, at 4). Instead, they appear to assert that the redactions are justified as a blanket matter due to the broad scope of the psychotherapist privilege as a matter of Illinois law, which protects all "records and communications made or created in the course of providing mental health or developmental disabilities services . . . regardless of whether the records and communications are made or created in the course of a therapeutic relationship."[3] *Id.* at 3 (quoting 740 ILL. COMP. STAT. 110/3).

---

[2] Defendants also argue that, to the extent they have redacted the names of non-party individuals receiving psychotherapy treatment, those redactions are necessary to comply with the protective order. (Doc. 119, at 2–3). As explained below, the Court cannot yet reach the merits of the claimed redactions.

[3] Defendants do not appear to argue that this case is governed by state law directly. They seem instead to imply that the Court should consider the scope of the privilege in Illinois because, when it recognized the existence of the federal psychotherapist-patient privilege, "[t]he Supreme Court found this privilege especially appropriate due to the fact that all 50 States had enacted some laws finding a psychotherapist privilege." (Doc. 119, at 3 (citing *Jaffee*, 518 U.S. at 16)).

But Defendants are mistaken: under the Federal Rules of Civil Procedure, they must do more than merely assert that their redactions are justified by a privilege. In order to "withhold[] otherwise discoverable information," a party "must 'describe the nature of the documents, communications, or things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (quoting FED. R. CIV. P. 26(b)(5)(A)(ii)). This is generally done through a privilege log. *Id.*

Under Rule 26(b)(5), entries in a privilege log must describe the documents (or redacted portions of documents) in a manner that allows the reader to assess the claim of privilege. *Surgery Ctr. at 900 N. Mich. Ave., LLC v. Am. Physicians Assurance Corp.*, 317 F.R.D. 620, 632 (N.D. Ill. 2016). "The rule must be read in conjunction with long-standing case law making it clear that the party asserting a privilege has the burden of establishing all of its elements on a *document-by-document* basis, and that privileges are narrowly construed." *Id.* (emphasis added) (citations omitted); *see also id.* at 631 ("A litigant cannot withhold documents after it is served with discovery requests based merely on its own decision that a privilege exists, and the failure to provide a privilege log can result in a waiver of the protection that would otherwise be available." (quoting *Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 3754820, at *8 (N.D. Ill. Aug. 25, 2011))). "Blanket claims of privilege are impermissible in all contexts." *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149, 156 (N.D. Ill. 2020) (citations omitted).

It is true that federal law recognizes a psychotherapist-patient privilege. *Jaffee*, 518 U.S. 1. But, as Rowling's reply points out (Doc. 121, at 2), the privilege extends only to confidential *communications* made to a psychotherapist by a patient, not to all related records. *E.g.*, *Boudreau ex rel. Boudreau v. Ryan*, No. 00 C 5392, 2001 WL 1001156, at *3–4 (N.D. Ill. Aug. 4, 2001). Defendants seek to withhold otherwise discoverable information under that rationale; they must therefore provide a privilege log to allow Rowling and the Court to evaluate the validity of their privilege claims. *Bryant v. FCA US LLC*, 21-cv-1312, 2023 WL 3258189, at *6 (S.D. Ill. May 4, 2023).

This Court has already ordered Defendants to respond to Rowling's Requests for Production Nos. 16 and 17. (Docs. 99, 102). To the extent that Defendants seek to withhold otherwise discoverable information under that Order, they must produce a privilege log. Defendants shall, for *each* separate document with redactions, identify the following:

(1) The date of the document;

(2) The author and all recipients of the document, along with their capacities;

(3) The subject matter of the document; and

(4) The purpose of the document's production and a specific explanation as to why the redacted portions are privileged.

*Bryant*, 2023 WL 3258189, at *6 (citing *Urban 8 Fox*, 334 F.R.D. at 156). "The party must sufficiently detail the information to allow the Court to determine if the party has discharged its burden of establishing the applicability of the claimed privilege." *Id.* (citing *Urban 8 Fox*, 334 F.R.D. at 156). In light of Defendants' seeming lack of familiarity with "the clear, well-settled law governing the required content of privilege logs in this

Circuit," *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 380 (S.D. Ind. 2009), the Court takes this opportunity to remind them that "invalid claims of privilege are sanctionable," *Bryant*, 2023 WL 3258189, at *6 (citing *Urban 8 Fox*, 334 F.R.D. at 156).

For these reasons, Plaintiff Clifford Antonio Rowling's Second Motion to Compel Responses to Interrogatories and Requests for Production of Documents (Doc. 116) is **GRANTED**. Defendants Rob Jeffreys, Jessica Stover, Sarah Brown-Foiles, Robert Mooney, and Heather Wright are **ORDERED** to produce a privilege log pursuant to this Court's instructions above within **30 days**. In light of this Order, the Parties are further **ORDERED** to confer and discuss the operative scheduling order and submit a joint motion for an extension of the deadlines, if necessary. The joint motion shall be submitted **on or before April 21, 2026**.

**IT IS SO ORDERED.**

DATED:   April 7, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

Page 5 of 5